*328 OPINION OF THE COURT
Gaby F. Mabton, J.
Petitioner Department of Housing Preservation and Development of the City of New York (HPD), alleging that respondents had falsely certified the correction of a lead paint violation of the housing maintenance code, brought this proceeding to obtain a $3,000 civil penalty under Administrative Code of the City of New York § 27-2115 (1) (5). After considering the testimony and the other evidence at the trial herein, the court grants HPD a judgment for $1,000.
The court makes the following findings of fact and reaches the following conclusions of law. On December 13, 2004, after an inspection on December 8, 2004, HPD mailed to respondent Goddard — the managing agent for respondent 537 Clinton LLC — a form document entitled “Notice of Violation” (NOV). The NOV stated, among other things, that there was lead-based paint either peeling or on a deteriorated subsurface on the west wall in the first room from the north in apartment 4G at 537 Clinton Avenue, Brooklyn, New York, and that the same constituted a violation of Administrative Code § 27-2056.6.
The back of the NOV is printed with a form for certifying the correction of “the violation(s) on the reverse side of this form.” Goddard filled out the form and, as required by law, filed it with HPD on January 6, 2005. Goddard certified that respondents had retained a contractor named Asbestway Abatement Corp. to do the work and that the violation had been cured on December 30, 2004.
On January 20, 2005, and as required by law, HPD reinspected. HPD also prepared a reinspection report. By a notice dated January 26, 2005, HPD advised Goddard that the violation had not been cured and that Goddard’s certification was invalid. Thereafter, by notice of petition dated May 10, 2005, HPD began this “false certification” proceeding.[1]
In substance if not in form, respondents defend on three grounds. One is that the certification was not false because the violation was cured on December 30, 2004. Respondents contend that if HPD found a lead paint violation during the January 20, *329 2005 reinspection, nonetheless, that violation was a new one which occurred after December 30, 2004 rather than the old one either uncorrected or recurring. Respondents suggest that any peeling paint on the west wall after December 30, 2004 might have been caused by a leak from the apartment above.
This is a cognizable defense. However, it was not made out here. HPD’s reinspection report is presumptively valid (Department of Hous. Preserv. & Dev. of City of N.Y. v Varveris, NYLJ, June 16, 1992, at 36, col 6 [App Term, 2d Dept]). The testimony of respondents’ one witness — Mendy Gorodetsky, president of Asbestway — established at best only that the condition which HPD found on January 20, 2005 might have been a new violation, e.g., peeling paint caused by a new water leak, instead of a recurrence of the old violation, e.g., paint peeling again because of an uncorrected water leak.[2] This evidence was insufficient to overcome the presumption which attaches to HPD’s reinspection report.
Respondents’ second defense is that even though the certification was false in the sense that the violation had not been cured, it was not false within the meaning of Administrative Code § 27-2115 (1) (5) because HPD did not show that respondents knew or should have known that the certification was not accurate.
The court holds that the second defense is not cognizable. The word “false” ordinarily means contrary to fact or truth. Depending on the context, “false” may connote fraud or other intentional deception, but the same is not essential to its meaning.[3] Rules of statutory construction require the court to use the ordinary meaning of the word. (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 94, 232.) There is no basis to hold that the certification was not false.
Respondents’ third defense is that even if the certification was false within the meaning of the statute, respondents should not be subjected to a penalty because the certification was made *330 in good, faith and in reasonable reliance on Asbestway’s representation that the remediation had been done. Respondents urge that by retaining Asbestway, a contractor certified for lead paint abatement by the Environmental Protection Agency of the United States of America, respondents, who lack the expertise to determine whether a lead paint violation has been cured, had done all that they could to cure the violation and to assess whether the violation had been cured.
The evidence included Asbestway’s letter to respondents dated January 17, 2005 in which Asbestway confirmed that the violation had been cured. Respondents’ reliance on Asbestway’s representations was reasonable and in good faith. Respondents urge that they had no intent to misrepresent or to deceive. HPD does not contend otherwise, and the court finds that there was no evidence of the same.
The statement of findings and purposes set out at Administrative Code § 27-2056.1 makes clear that the Legislature intended to require owners of residential dwellings to remediate lead paint hazards. Nothing suggests that the Legislature intended to hold owners to a lesser standard of making only a good faith and reasonable effort. See also, Administrative Code § 27-2056.3 which provides in pertinent part that “[a]n owner shall take action . . . and shall expeditiously remediate such condition and any underlying defect” (emphasis supplied).
Administrative Code § 27-2115 (1) (5) provides that a person “making a false certification of correction of a violation issued” pursuant to Administrative Code § 27-2056.1 et seq. “shall be subject to a civil penalty of not less than one thousand dollars nor more than three thousand dollars.” The court finds that although Goddard’s certification was false, respondents’ uncontested good faith and prompt retention of Asbestway upon the issuance of the NOV constitute mitigating factors which warrant the imposition of only the minimum penalty.[4]
At first glance, a $1,000 penalty may seem harsh and excessive. Respondents have already paid Asbestway to cure the violation; now, respondents will have to pay again, this time to HPD. *331 However, it was within the Legislature’s province to establish a lead paint remediation program, i.e., Local Law No. 1 (2004) of City of New York, which includes a provision that the filing of a false certification triggers a penalty which mitigating factors may not reduce below a preset level.[5] (Cf., Department of Hous. Preserv. & Dev. of City of N.Y. v Fersedy, NYLJ, Apr. 2, 1987, at 16, col 3 [App Term, 2d Dept] [where the court held that a penalty less than a statutory minimum might not be imposed].) The wisdom of this legislative determination is not subject to judicial review. Accordingly, the court fixes the penalty at the minimum and awards HPD a judgment for that amount.

. In pertinent part, Administrative Code § 27-2115 (I) (5) provides:
“Notwithstanding any other provision of law, a person making a false certification of correction of a violation issued pursuant to . . . this chapter, in addition to any other civil penalty, shall be subject to a civil penalty of not less than one thousand dollars nor more than three thousand dollars for each false certification made . . . .”

. Gorodetsky testified that on a date that he did not fix any more precisely than May 2005 (i.e., long after HPD’s reinspection), Asbestway returned to the premises and repaired a rough patch on the west wall that appeared to have been caused by a water leak.

. For example, one can say that a pianist played a “false” note without implicating intent. The Merriam-Webster American Heritage Dictionary (2d College ed 1982) lists nine definitions of “false.” The first is “[c]ontrary to fact or truth” and the second is “[a]rising from mistaken ideas: false hopes.” It is only at the third definition, “¡/Deliberately untrue,” that intent becomes part of the definition.

. The court notes too that the evidence indicates that when HPD issued the NOV at issue here (Identification No. 5245417), HPD also issued to respondents another lead paint NOV for another wall in the same apartment. This NOV bore the consecutive identification number 5245418. Goddard’s certification to HPD was that Asbestway had cured both violations. Yet HPD asserted the falsity of only the certification of NOV identification number 5245417.

. The court notes two other considerations. One is that HPD might have sought under Administrative Code § 27-2115 (1) (6), in addition to the penalty sought here, the potentially much greater penalty of $250 per day for the failure to correct the violation. The other consideration is that respondents might have attempted to protect themselves against the possibility of a civil penalty by negotiating for indemnification (or another form of risk shifting) as part of their contract with Asbestway.